# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**RAYVON BOATMAN,**

    **Plaintiff,**

vs.                                  Case No.: 4:04cv426-RH/WCS

**JAMES V. CROSBY, et al.,**

    **Defendants.**

    _____/

## REPORT AND RECOMMENDATION

Plaintiff has filed a motion for preliminary injunction and a temporary restraining order, doc. 13, and subsequently, an "emergency motion and notice of conflict." Doc. 14. Turning first to the emergency motion, doc. 14, Plaintiff did not present facts demonstrating why the motion presents an emergency. Plaintiff contends he is denied legal supplies, but Plaintiff's litigation before this Court belies that assertion. The fact that I may be restricted form the law library is also immaterial as Plaintiff has been required to submit a third amended complaint and he does not need the library to do that. The facts of Plaintiff's case are known to Plaintiff and are within his knowledge and he does not a library in order to detail the event(s) which Plaintiff believes violates his constitutional rights.

Plaintiff further contends he is denied due process and is being assaulted. Those claims are entirely unrelated to the events at issue in this case - that Plaintiff was denied medical care in the summer of 2002. Thus, should Plaintiff desire to litigate those recent claims as noted within the emergency motion, Plaintiff should exhaust administrative remedies, file a new lawsuit, and should Plaintiff file a lawsuit in federal court, he is reminded that he must submit full payment of the Court's $250.00 filing fee as Plaintiff is barred from proceeding with *in forma pauperis* status.

As for Plaintiff's motion for preliminary injunction and temporary restraining order, that motion should be denied. Plaintiff has been directed to file a third amended complaint. As of this time, Plaintiff has not complied with that order.

Although granting a preliminary injunction is a discretionary decision, *see* Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997), *citing* United States v. Lambert, 695 F.2d 536, 539 (11th Cir. 1983), a plaintiff is not entitled to a preliminary injunction without establishing:

(1) a substantial likelihood of success on the merits;

(2) a substantial threat of irreparable injury if the injunction were not granted;

(3) that the threatened injury to the plaintiffs outweighs the harm an injunction may cause the defendant; and

(4) that granting the injunction would not disserve the public interest.

Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000); Carillon Importers, Ltd., 112 F.3d at 1126; United States v. Jefferson County, 720 F.2d 1511, 1519 (11th Cir. 1983).

Because Plaintiff's previous versions of his complaint have all been found to be insufficient and Plaintiff has been required to submit a third amended complaint, Plaintiff

has not shown his entitlement to injunctive relief. Therefore, the instant motion must be denied as Plaintiff has not demonstrated a substantial likelihood of success on the merits.

Furthermore, should Plaintiff be able to prove that Defendants did not provide appropriate medical care back in 2002, and if Plaintiff can demonstrate injury as a result of Defendants' actions, Plaintiff would be able to recover damages under 42 U.S.C. § 1983. Indeed, Plaintiff requests monetary damages in the second amended complaint, doc. 9. Because Plaintiff has an adequate remedy at law should he be successful in this case, there can be no finding of irreparable injury. The unavailability of an adequate remedy at law is essentially a prerequisite to a finding of irreparable injury. Jefferson County, 720 F.2d at 1520 (finding "[t]he possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm."). Plaintiff has not shown a "substantial threat of irreparable injury" or a likelihood of success.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion for preliminary injunction and a temporary restraining order, doc. 13, be **DENIED**, and the emergency motion, doc. 14, be similarly **DENIED** and this case **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on March 10, 2005.

     s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**