**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**RAYVON BOATMAN,**

    **Plaintiff,**

vs.                                                                                      Case Number 4:04cv426-RH/WCS

**JAMES V. CROSBY, et al.,**

    **Defendants.**

_____ /

**REPORT AND RECOMMENDATION**

    Plaintiff, an inmate proceeding *pro se* in this § 1983 civil rights action, has filed a fourth amended complaint, doc. 30. That document will be reviewed; however, it is also noted that this case has been remanded by District Judge Hinkle concerning Plaintiff's motion for a preliminary injunction and the report and recommendation which was entered recommending denial of the motion. Doc. 28. Part of the basis for that recommendation was the fact that Plaintiff had been directed to file a third amended complaint and, thus, the version of the complaint upon which the motion was necessarily based was insufficient. Doc 15. By the time the report and recommendation was ripe for review, Plaintiff had filed a third amended complaint. Doc. 18. Due in part to Plaintiff's filing of that document, the report and recommendation was accepted in part and vacated in part. Doc. 28. Prior to that order being received,

however, Plaintiff's third amended complaint was reviewed by the undersigned and found to be deficient. Plaintiff was directed to file the fourth amended complaint, doc. 19, which he has now done. Thus, the third amended complaint is no longer pertinent and only the fourth amended complaint should be reviewed.

As previously advised, this was Plaintiff's *final* opportunity to file a viable civil rights complaint. Docs. 12 and 19. An opportunity to submit a fourth amended complaint, along with the numerous directions given to Plaintiff, should have been sufficient to proceed with viable claims. The complaint, however, is still insufficient.

Plaintiff was previously advised that he "should not continue to list the Secretary of the Department of Corrections as a Defendant . . . in this case." Doc. 12, p. 4. Plaintiff had not challenged any specific policies in this case, but was alleging the denial of appropriate medical care. In response, Plaintiff has continued to list Secretary Crosby as a Defendant and now contends that he "exercised ill, haphazard low cost policy." Doc. 30, pp. 10-11. Plaintiff mentions a "no-pay, low cost policy." *Id.*, at 13. Plaintiff has not, however, identified a particular fiscal policy, shown how it was implemented, or shown how it caused harm to Plaintiff. These conclusory allegations should be dismissed for failing to state a claim.

The claims that Defendants Crosby, King-Shaw, Agwunobi, Battles, Crawford, John Doe Medical Director, and Desmarais are liable for refusing to discipline other prison officials, doc. 31, pp. 7, 10, 11, are also insufficient. There are no allegations as to how specific disciplinary actions should have been taken by these supervisory officers to avoid or prevent the harm alleged to have been caused to Plaintiff. A prison

official is not liable under § 1983 merely because he or she has supervisory authority over others; *respondeat superior* is not a basis for recovery under § l983.  Harvey v. Harvey, 949 F.2d 1127, 1129 (11th Cir. 1992), *citing* Monell v. Department of Social Services, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).  These claims must be dismissed.

To show an official was deliberately indifferent to a prisoner's medical needs, a plaintiff must allege an objectively serious medical need, an objectively insufficient response to that need, the Defendant's awareness of facts signaling the need, and "an actual inference of required action from those facts."  Taylor v. Adams, 221 F.3d 1254, 1258 (11th Cir. 2000), *cert. denied*, 531 U.S. 1077 (2001).   Plaintiff continues to make conclusory assertions that he has been denied medications.  Plaintiff generally alleges that he is HIV positive, but there are no allegations as to progress of that condition, the symptoms suffered, and what sorts of medications or other treatment should have been provided but were not.  Plaintiff alleges that he had hernia surgery, but he has failed to give the dates and the history of post-operative care, has failed to alleged what sorts of pain medications were needed but were denied, and when the denial occurred.  Both conditions could result in serious medical needs, but Plaintiff must allege the specifics of the need and show a causal connection between the serious medical need, Defendants' responses, and the harm allegedly suffered.  Plaintiff instead has provided only conclusory allegations without supporting facts.

Plaintiff has also alleged that he was not given medications due to cost.  The Eleventh Circuit has recognized that "[g]rossly incompetent or inadequate care can

constitute deliberate indifference . . . as can a doctor's decision to take an easier and less efficacious course of treatment." Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 1989), *citing* Rogers v. Evans, 792 F.2d 1052, 1058 (11th Cir. 1986); McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999). However, Plaintiff must allege more than that he was denied certain medications due to cost. If Plaintiff was provided a comparable medication or treatment, then he was provided appropriate care and suffered no constitutional violation. Plaintiff fails to state what he was seeking, whether it was prescribed or simply desired, and any harm that resulted. Thus, these claims are insufficient.

The need for specifics is plain from a review of the responses to Plaintiff's grievances. The response to several grievances is that Plaintiff was in fact provided the medications that had been prescribed as shown in Plaintiff's medical records. Defendants cannot reasonably be expected to file a response to this complaint if Plaintiff will not set forth in detail which medications were not provided and when.

Plaintiff has been advised over and over as to the factual accounts he must give and he fails to do so. Plaintiff is not a novice at bringing cases in federal court; Plaintiff has well over three strikes such that he cannot be granted *in forma pauperis* status.[1]

---

[1] That has not deterred Plaintiff, however. Plaintiff also has repeatedly filed cases in state court. Defendants routinely remove these case to federal court. When this occurs, Plaintiff is spared the filing fee.

Case Number 4:04cv426-RH/WCS

There are other deficiencies in this complaint.  Plaintiff has been chastised for failing to provide an accurate and complete listing of his prior federal cases.[2]  It is judicially noted that in an order entered on March 3, 2005, by United States District Judge John Moore II from the Middle District of Florida, Jacksonville Division, Plaintiff's civil rights complaint in case number 3:04cv1210 was dismissed for failure to list prior cases.  The court noted some forty-plus cases initiated by Plaintiff in federal court alone, and those cases were listed on page two of the order.  Despite being made aware of the seriousness of failing to list all of his cases, and despite being so recently provided with a list of cases, Plaintiff continues to evade his obligation to fully and honestly disclose all prior cases in this case.

Sufficient opportunities have been provided to Plaintiff to provide a viable complaint.  Plaintiff has not done so.  He continues to present insufficient and conclusory allegations, list persons who are not appropriately named as Defendants in this case, and combine a multitude of unrelated claims in one action.  It is time to dismiss these insufficient claims.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's fourth amended complaint, doc. 30, be **DISMISSED** for failure to comply with court orders and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the clerk

---

[2] On the last three pages of the complaint Plaintiff provides a brief list of some but not all of his cases.

Case Number 4:04cv426-RH/WCS

of court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on May 23, 2005.

s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**